JEROME E. BATES

*v.*

EDWARD M. WOODRUFF.

*Filed at Ottawa November 11, 1887.*

1. WILL—*power of executor to convey real estate.* A testator, after providing for the payment of his debts and funeral expenses, and several legacies, devised to his son a certain house and lot, and directed that all the rest of his estate, real and personal, should be invested in interest-bearing securities, and that the interest and income from the estate so invested should be paid to the son and his wife for their support during their lives, and upon their death the estate should be divided between their children, and then provided that his executor (the son) should "have full power to convey all property conveyed to him in trust by this will:" *Held,* that full power was given to the executor to convey the real estate which was directed to be invested in interest-bearing securities.

2. PURCHASER *from an executor—not bound to see to application of proceeds.* Where an executor is given authority by will to sell and convey real estate, the proceeds to be invested in a specified way, a purchaser from the executor will be under no obligation to see to the application of the purchase money.

APPEAL from the Superior Court of Cook county; the Hon. H. M. SHEPARD, Judge, presiding.

Messrs. WALLACE & PATTON, for the appellant:

In the construction of a will, courts will give effect to all the words of the will, without rejecting or controlling any of them, if it can be done by a reasonable construction, not inconsistent with the manifest intention of the testator. 1 Redfield on Wills, 434; *Dawes* v. *Swan,* 4 Mass. 208; *Cook* v. *Holmes,* 11 id. 528; *Hall* v. *Chaffee,* 14 N. H. 215.

The words of a will are in all cases to receive a construction which will give to every expression some effect, rather than one that will render any of the expressions inoperative. 2 Jarman on Wills, 762; Construction of Wills, rule 8.

A devise, by a testator, that his executor shall sell his lands, or of his lands to be sold by his executor, passes no interest

in the land to the executor. Williams on Executors, (6th ed.) 619; Sugden on Powers, (6th ed.) 112; *Yates* v. *Compton*, 3 P. Wms. 308; *Lancaster* v. *Thornton*, 2 Burr. 1027; *Knocker* v. *Banbury*, 6 Bing. 306; *Taylor* v. *Benham*, 5 How. 269.

When a testator, in his will, directs his lands to be sold for certain purposes, without declaring by whom the sale shall be made, the executor has no power, by implication, to make the sale, unless the funds to be derived therefrom are to be distributed by him either in the payment of the debts of the estate or of the legacies. Williams on Executors, (6th ed.) 618; Sugden on Powers, (6th ed.) 118; *Bentham* v. *Wiltshire,* 4 Madd. 44; *Doe* v. *Hughes*, 6 Ex. 223; *Robinson* v. *Lowater,* 17 Beav. 601; *Patton* v. *Randall*, 1 Jackson & Walker, 189; *Curtis* v. *Fullbrook*, 8 Hare, 278; *Rankin* v. *Rankin*, 36 Ill. 293; Perry on Trusts, sec. 501; *Walter* v. *Logan*, 5 B. Mon. 516.

Messrs. Hoyne & Follansbee, for the appellee:

In construing a will, the intention of the testator must control, and in arriving at the intention, all parts of the will must be construed in relation to each other, so as, if possible, to form one consistent whole. 2 Jarman on Wills, 841; *Updike* v. *Tompkins*, 100 Ill. 406; *Kennedy* v. *Kennedy*, 105 id. 350; *Hamlin* v. *Express Co.* 107 id. 443; *Banta* v. *Boyd*, 118 id. 186.

No certain form of words is necessary to create a trust. The word "trust" is not necessary, but whether there is a trust or not depends upon the intention of the testator, to be collected from the whole will. A trust may arise by implication. 1 Jarman on Wills, 385, 528, 569; Perry on Trusts, par. 121.

Where the will directs the real estate to be sold, and the proceeds are the subject of devise, the devisees take no vested interest in the land, but the land is treated as personal property. *Rankin* v. *Rankin*, 36 Ill. 293; *Jennings* v. *Smith*, 29 id. 116; *Baker* v. *Copenberger*, 15 id. 103; *Banta* v. *Boyd*, 118 id. 186.

A power of sale may be implied. If the testator directs his estate to be disposed of for certain purposes, or to be invested,

the power to sell is implied. Williams on Executors, 655, 656; 1 Jarman on Wills, 528; *Rankin* v. *Rankin,* 36 Ill. 293; *Cherry* v. *Greene,* 115 id. 591; *Going* v. *Emery,* 16 Pick. 107; *Kaufman* v. *Breckenridge,* 117 Ill. 306.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

The appellee in this case, Edward M. Woodruff, filed a bill in equity, against the appellant, for a specific performance of a contract to purchase real estate. A demurrer to the bill was overruled, and a decree entered against the appellant, from which he appeals to this court.

The bill alleges that George W. Woodruff, the father of appellee, being seized in fee of certain real estate, among which was that described in the bill, died on or about the 15th day of March, 1882, leaving his last will and testament, which was duly proven, and admitted to probate in the State of New York; that appellee was named in the will as executor, and letters testamentary were duly issued to him; that he is still acting as such executor; that letters testamentary or of administration upon the estate of George W. Woodruff have never been granted in this State, and that there are no creditors of the deceased in this State; that appellee is the son and only heir of George W. Woodruff, and that the deceased left no widow.

The bill sets forth in full the will, which, after providing for the payment of debts and funeral expenses and of several legacies, devises to the testator's son a house and lot in Brooklyn, New York, and then follow these clauses:

"*Item 5*—After the foregoing provisions of this my last will and testament are complied with, it is my will, and I direct, that all the rest and remainder of my estate, both real and personal, of which I may die possessed, be invested, from time to time, in such securities as shall have a fixed value, and not a speculative value, having constant regard to the security of the principal than to a high rate of interest.

"*Item 6*—It is further my will, and I direct, that all the interest and income of my estate, so invested, shall be regularly paid to my son, Edward, for the support of himself and his family, and in the event of his death, all said interest and income shall be paid to his wife, Mrs. Carrie A. Woodruff, during their natural lives, respectively.

"*Item 7*—It is my will that after the death of my son and his wife, aforesaid, the whole estate, real and personal, shall be divided equally between the children of my son, Edward, who may be then living, the children of any deceased child being allowed the share of its deceased parent, for their sole use and benefit, their heirs, executors and assigns forever.

"*Item 8*—It is my will that my executor hereinafter to be appointed shall have full power to convey and release all property conveyed to him in trust by this will. Likewise, I make and appoint my son, Edward M. Woodruff, to be the executor of this my last will and testament, and it is my will, and I direct, that no bonds be required of him for the faithful discharge of this duty."

The bill alleges the payment of all the debts and legacies; that the premises described are vacant and unimproved, situated in the suburbs of Chicago, which is unproductive, bringing in no income, but on the contrary being a source of expense to the estate, requiring the payment of taxes and assessments thereon, and that therefore, being desirous of selling and disposing of said real estate for the purpose of investing the proceeds thereof in accordance with the direction of said will, appellee did, on the 8th day of June, 1887, enter into a written contract with appellant for the sale to him of said premises. The contract is set out in the bill, which acknowledges the payment of $50, and provides for the payment of the balance of the purchase money within a certain time, or as much sooner after the date of the contract as the deed is ready for delivery, after the title has been examined. The bill further alleges a delivery of the abstracts of title for examination, the

tender of a good and sufficient deed, the expiration of the time for payment of the balance of the purchase money, but that appellant refuses to carry out the said contract, insisting that appellee has no power, under the will, to convey a good title to the premises.

The only question which is here presented is, whether Edward M. Woodruff, executor of George W. Woodruff, deceased, has the power, under the terms of the will of the decedent, to sell and convey a good title to the real estate of the testator in this State. We are of opinion that he has such power. The will contemplates, that after the payment of debts and funeral expenses, all the rest and remainder of the testator's estate, both real and personal, other than the lot devised to the son, shall be invested in interest-bearing securities, and expressly directs that it shall be so invested. The seventh item directs that all the interest and income from the estate, so invested, shall be paid to the son, Edward M., and wife, for their support during their lives. It is next the testator's will, that after the death of his son, Edward M., and wife, the estate should be divided between their children. Now, who, in the understanding of the testator, was to do these acts of making investments, and paying out the income from the investments, which he had expressly directed should be done? Who else could it have been than the executor whom the testator appointed to execute the will?

In conclusion, and in order for the accomplishment of the aforenamed objects of the will, comes the eighth item, as follows: "It is my will that my executor, hereinafter to be appointed, shall have full power to convey and release all property conveyed to him in trust by this will." We can have no doubt that there was, here, given to the executor express power to convey the real estate which the testator had directed should be invested in securities bearing interest. To be sure, the words read that the executor should have power to convey "all property conveyed to him in trust by this will," and there was,

14—123 ILL.

in terms, no property conveyed to him in trust. But it is not
the literal reading of the testator's language which is to be
followed. It is the meaning of the language which we are
to look to. We are satisfied, from the reading of the entire
will, that the meaning of the words here employed, "property
conveyed to him in trust by this will," was property which
the testator had, by his will, directed the disposition of,—
which he had intrusted the executor with the disposition of,—
or must have regarded that he had so done, as we have before
pointed out.

We deem it quite clear that the purchaser would be under
no obligation to see to the application of the purchase money,
as appellant expresses the fear he may be.

The decree of specific performance we think correct, and it
is affirmed.                                        *Decree affirmed.*