(No. 26109.—

WILLIAM DANIELS *et al.* Appellants, *vs.* EARL C. BROOKS *et al.* Appellees.

*Opinion filed June 17, 1941.*

Smith, J., took no part.

Alfred L. Grattendick, Eugene L. DeGuire, and Wilbert J. Hohlt, for appellants.

Green & Palmer, Walter E. Will, Basil Wilson, Russell Wilson, Lloyd Sloan, and Ward P. Holt, (Henry I. Green, Oris Barth, and Enos L. Phillips, of counsel,) for appellees.

Mr. Chief Justice Gunn delivered the opinion of the court:

Appellants, William Daniels, W. A. Wetherford, Elmer L. Wetherford and Frances Lawhorn, filed their complaint in equity in the circuit court of Marion county, claiming to own certain real estate in said county as heirs-at-law of Stephen E. Daniels, deceased. The object of the complaint is to construe the devises made in his will to the Salvation Army void for uncertainty, and to declare the title in the heirs of Stephen E. Daniels.

The essential portions of the will of Stephen E. Daniels, which was admitted to probate April 28, 1930, are as follows: "First: It is my will that all my just debts and funeral expenses shall be paid as soon after my decease as shall be found convenient by my executor hereinafter named. Second: It is my will that my executor sell all of my property, real, personal and mixed, of every nature and kind, and convert the same into money, and after paying all my just debts and funeral expenses, and the costs of probating my will and administering said estate, that he pay the balance to the proper officers of the Salvation Army as its sole and exclusive property forever." The deceased was at the time of his death the owner of real estate described in the complaint.

The complaint alleges there were four different corporations of different States known as the "Salvation Army," and that each of said corporations claims an interest in the real estate; that on February 16, 1935, the executor of said last will conveyed the real estate involved in this suit to J. Carl Hall, who later conveyed it to Earl C. Brooks, and that the other appellees claim interests in said real estate under certain oil or gas leases, but there is no allegation by or through whom they derive their interest or title. The complaint prays for a decree finding the gift to the Salvation Army to be ambiguous and void and a cloud upon plaintiffs' title, and that the executor's deed be declared to be null and void and the title to the real estate be confirmed in plaintiffs, as heirs-at-law of the said Stephen E. Daniels. A motion to dismiss was sustained and a decree entered dismissing the complaint for want of equity. As a freehold is necessarily involved, the appeal comes directly to this court.

The only point made by appellant is that the circuit court erred in dismissing the complaint because it did not state a cause of action. It is to be observed that the will

is complete and disposes of the entire estate of Stephen E. Daniels, and that the relief demanded is that the will be so construed that appellants shall be declared the owners of the land in question as against the title acquired by the grantees in the conveyance of the same real estate by the executor. Ordinarily, the probate of a will is an adjudication of its legality and binding effect which cannot be collaterally attacked. (*Kemmerer* v. *Kemmerer*, 233 Ill. 327.) It is sought to avoid this general principle by the argument that the devise to the proper officers of the Salvation Army is void because of the allegation that there are four corporations of that name, and it is not certain which one was intended by the testator.

There are two complete answers to the contentions of appellants: First, it is not made to appear that the particular Salvation Army beneficiary, intended by the testator, cannot be established by extrinsic proof; and second, a conveyance by the executor passed good title to the land as against appellants, because he was required by the will to sell and convey the real estate, not only for the purpose of paying the legacy to the Salvation Army, but also for the purpose of paying the debts of the decedent, and the costs of administration of his estate.

The ambiguity set out in the complaint consists of an allegation that there is a corporation known as the Salvation Army organized under the laws of four different States, viz., under the laws of New York, Georgia, California and Illinois, and that each of these corporations, by reason of the uncertainty of the description of such beneficiary in the will, is claiming an interest therein. This allegation is not sufficient to render the devise to the Salvation Army void. The same kind of a question arose in *Woman's Union Missionary Society* v. *Mead,* 131 Ill. 338. In that case the residue of the estate was devised to six different corporate beneficiaries, all of which were im-

properly named in the will; as, for instance, the will mentioned the Illinois Training School for Nurses, whereas the true name was the Chicago Training School for Nurses. Evidence was offered showing the true intention of the testator by identifying the beneficiary. In upholding the decree of the lower court, permitting this to be shown by extrinsic evidence, this court said: "It is well settled by all the authorities, that a mistake in the name or description of a legatee or devisee, whether an individual or a corporation, will never render a bequest void if the name and description used in the will, as applied to the facts and circumstances proved, will identify such person or corporation from all others. * * * Under this rule, it was unquestionably competent for these various claimants to prove their corporate existence, and the objects and purposes for which they were organized. * * * If such evidence makes it clear that these claimants were intended by the testatrix to be made the objects of her bounty, then it must be held that she has expressed her intention with sufficient certainty. There is no other criterion of legal certainty in the interpretation of wills." To the same effect is *Hitchcock* v. *Board of Home Missions,* 259 Ill. 288, and *Morgan* v. *National Trust Bank,* 331 id. 182. All that appears from the complaint is an ambiguity as to which Salvation Army the testator described. There is no claim or contention that the ambiguity, or lack of certainty, can not be made certain by identifying the actual beneficiary intended by the testator.

The complaint alleges that the deed made by the executor is void for certain irregularities in his qualifying, but this is not argued in the brief. The will of Stephen E. Daniels vested in his executor a mandatory direction to sell all of his property, real and personal of every kind, and to pay debts, funeral expenses, costs of administration, and the balance to pay to the Salvation Army. This vested in

the executor more than the mere power to sell. It was connected with duties which made the executor a trustee, and required him to sell. (*Bates* v. *Woodruff*, 123 Ill. 205; *Greenwood* v. *Greenwood*, 178 id. 387; *Lash* v. *Lash*, 209 id. 595.) In pursuance of the authority so vested in him by the will the executor sold the land involved to the predecessor in title of appellees. Where such power is conferred by will the heir of the testator cannot recover the land from the grantee of the executor as trustee. (*Crozier* v. *Hoyt*, 97 Ill. 23; *Kirkland* v. *Cox*, 94 id. 400; *Cherry* v. *Greene*, 115 id. 591; *Griffin* v. *Griffin*, 141 id. 373.) We have further held that, even if the power to convey conferred by will is discretionary, a court of equity will never interfere before or after sale, except in cases of actual fraud or collusion. (*Dickson* v. *New York Biscuit Co.* 211 Ill., 468.) Nothing of the kind is alleged in the complaint.

We are of the opinion the complaint failed to state a cause of action, both because of a failure to allege facts showing that the proper Salvation Army could not be identified, and for the further reason that land once legally sold by a trustee named in a will, vested with power to sell and convey, cannot be recovered from the purchaser.

Other propositions are argued, but we deem it unnecessary to discuss them in this opinion, as the foregoing establishes clearly that the decree of the circuit court of Marion county was correct.

The decree of the circuit court is affirmed.

*Decree affirmed.*

'Mr. Justice Smith took no part in this decision.