James L. Krause et al., Appellees, v. Arthur L. White, County Superintendent of Schools of Henry County, Defendant. Community Unit School District No. 229 of Henry County et al., Appellants.

Gen. No. 10,420.

Heard in this court at the May term, 1950. Opinion filed July 13, 1950. Released for publication August 1, 1950.

JAMES H. ANDREWS, HARPER ANDREWS and CAMPBELL ANDREWS, all of Kewanee, for appellants.

FRED J. BROWN, of Kewanee, for appellees.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

On November 21, 1949, James L. Krause, Thomas F. Smith and Sam Clouston filed a petition in the circuit court of Henry county for a writ of mandamus to compel Arthur L. White as County Superintendent of Schools of Henry county, Illinois, to call an election for the purpose of taking a vote in a former Common School District No. 52 of Henry county, Illinois, to decide whether it should be detached from Community Unit School District No. 229 of Henry county, Illinois.

The petition alleges that on June 6, 1949, a petition was filed with the County Superintendent of Schools of Henry county, signed by a majority of the voters of the former School District No. 52, requesting the superintendent to call an election for the purpose of voting on the question whether said property should be detached from said Community High School District. This petition was signed by fourteen persons and was sworn to by James L. Krause who stated that the petition was true, and contained a majority of the voters residing in said former school district.

A like petition was filed with Arthur White as County Superintendent of Schools on July 1, 1949, and was signed by thirty-one persons alleged to be voters in

said former School District No. 52. The petition is sworn to by Sam Clouston and states that it contains a majority of the names of the voters residing in said former School District No. 52.

A like petition was filed with the County Superintendent of Schools of Henry county on August 1, 1949. This petition was signed by twenty-six persons whom it is alleged are a majority of the legal voters residing in said former School District No. 52 and is sworn to by Thomas F. Smith.

It is alleged in the complaint that although requested to do so, the County Superintendent of Schools refused to call an election in accordance with the said *petitions,* and as required by the statute in such cases made and provided.

Summons against the county superintendent was issued and he, through the State's Attorney, made a motion to strike the petition and stated numerous reasons why the petition did not state a cause of action. On December 20, the Community Unit School District No. 229 of Henry county, Illinois, filed a petition in said court alleging that said district is a party in interest in the cause of action, alleged in the petition filed by the plaintiffs, and is a necessary party to this suit, and that it had not been made a party-defendant, or notified and objects to the issuance of the writ described in the prayer of the complaint. It asked to be made a party-defendant in the suit.

On December 21, 1949, the court entered an order denying the Community Unit School District No. 229 the right to be made a party to the suit and on the same day denied the motion of the County Superintendent of Schools to dismiss the suit. On the same day the court without requiring the County Superintendent of Schools to either answer the petition, or stand by his motion to dismiss, entered an order finding that the plaintiffs were entitled to the writ of mandamus

as prayed for in the petition, and ordered the writ issued. The clerk of the circuit court of Henry county on December 30, 1949, issued the writ as ordered by the court.

On January 6, 1950, the Community Unit School District No. 229 filed a notice of appeal to the Appellate Court of the Second District. A like notice of appeal was on the same day filed by Charles Draminski and Virginia Draminski, his wife, with the clerk of said court. On the same day notice of appeal was filed with the clerk of the court by Harlan R. Hamilton and Loris M. Hamilton, his wife. An appeal has been perfected to this court.

The appellees have filed a motion to dismiss the appeal and claim that none of the appellants have an appealable interest in the case. The appellants have filed objections to this motion. The motion was taken with the case and after a full consideration of the same, the motion to dismiss is hereby denied for the reasons hereinafter stated in this opinion.

In each and all of the notices of appeal there are reasons stated why the particular appellant has an interest in the result of this litigation. In the notice of appeal of the Community Unit School District, it is alleged that if this school district is detached from the community district, it will be deprived of substantial taxes thereby, and leave the territory of said community district in noncompact and noncontiguous shape, and will otherwise injure the school district and all its residents and landowners. The Draminskis in their notice of appeal allege that they are the owners of a farm that is located in said former School District No. 52; that they reside on the same and maintain their home thereon; that they are now benefited by being a part of the Community Unit School District, and will be benefited by the reversal of the order of the writ of mandamus; that if not reversed it will

325

deprive them of their right to send their children to the Community High School District. The Hamiltons allege in their notice of appeal that they are the owners of a farm located in the former School District No. 52 and that they reside on the same; that their farm is located on the west side of the Community Unit School District; that if they are separated from the Community High School District, their land will be completely isolated from all contact and contiguity with the remaining territory and the Community Unit School District.

In the case of the *People v. Kennedy,* 367 Ill. 236, certain voters in Kankakee county filed a petition in the circuit court of said county for the purpose of annexation of certain non-high school territory to the Momence Community High School District No. 158. A writ of mandamus was awarded commanding the annexation of said territory. It will be observed that the appellants in this case were not made parties to the original suit, as in the present case we are now considering. The Supreme Court in passing upon the contention of the appellees that the appellants not being parties to the original suit could not maintain their appeal, use this language: "Appellants were not parties to the mandamus proceeding. They appeal on the ground that they were owners of land within the territory ordered to be annexed and are injured by the order awarding the writ and will be benefited by its reversal. Appellee contends that neither the record nor the assignment of errors show that, at the time the notice of appeal was filed, appellants owned any land in the territory ordered to be annexed and that, therefore, they have no right to appeal.

"Prior to the enactment of the Civil Practice act, one not a party to a suit had no right to appeal. (*People v. Franklin County Building Ass'n,* 329 Ill. 582.) The method for review in such a case was by prosecuting a writ of error. Section 81 of the Civil Practice act

[Ill. Rev. Stat. 1949, ch. 110, par. 205; Jones Ill. Stats. Ann. 104.081] provides that the right theretofore possessed by any person not a party to the record to review a judgment or decree by writ of error shall be preserved by notice of appeal. To entitle such a person to review he must be injured by the judgment, order or decree, or be benefited by a reversal, or be competent to release errors. Before he can successfully prosecute an appeal his interest in the suit must appear in the transcript of the record or be alleged in the points relied upon for reversal. (*People v. Estate of Harrigan*, 294 Ill. 171.) A notice of appeal is a part of the record. The notice of appeal in this case alleges that appellants own land in the territory sought to be annexed; that they are injured by the order and that they will be benefited by a reversal. The assignment of errors alleges that they have been landowners for many years in such territory, with the same allegations of injury and benefit. Their right to appeal sufficiently appears." This case was cited with approval in *Grennan v. Sheldon*, 401 Ill. 351.

██ The Community Unit District No. 229, as before stated, signed a petition for leave to intervene and be made a party-defendant to the suit. Regardless of the merits of the controversy when the court dismissed its petition and refused it permission to intervene, this was a final order and one from which an appeal could lie. In *Bishop v. Hungate*, 223 Ill. App. 351, the same question was presented and the court held this to be the law and cited numerous cases in support thereof. The motion to dismiss this appeal will be denied.

It is true if these petitions, which are the basis of the order for the writ of mandamus are in the proper form and contain the necessary signatures of the voters in the territory to be detached, and the superintendent of schools from an examination of the petitions themselves can ascertain these facts, then he

327

has no discretion in the matter and should order the election, and the high school district, or the landowners that are objecting to the detachment will have no right to intervene, but the community high school district and the interested landowners would have a right to contest whether the petition was legally sufficient on which the superintendent should act.

 The burden is on the petitioners to show that they have a clear and undoubted right to the writ of mandamus before it should be granted. It has long been a settled rule of law in this State that a relator in mandamus must show a clear and undoubted right to the relief prayed and a corresponding duty on the part of the respondent to do the act sought to be compelled. (*People v. Whealan,* 356 Ill. 328.) It is incumbent upon the person seeking the extraordinary aid of mandamus to set forth in his petition all the facts, especially those which if true, would be necessary to entitle him to the relief sought, and he must show a clear prima facie case to warrant the writ. This was stated by us to be the law in the case of *Aiken v. Will County,* 321 Ill. App. 171.

Unless the legal voters varied from the time the first, second and third petitions were filed they show on their face that the first did not contain the names of more than half of the legal voters residing in said district. The second petition which was filed shows thirty-one names, which is more than twice as many as the first petition. It is seriously insisted by the appellants that there is no showing that the petitions, or any of them are signed by the majority of the legal voters residing in said school district, and there is no way for the superintendent of schools from the petition itself, to decide whether or not it does contain the requisite number of voters. There is no allegation in the petitions of how many legal voters reside in said district.

It is also claimed that the petition is fatally defective because it does not allege that the signers of the petition are *legal voters residing in said district*. In the case of *Frye v. Hunt,* 365 Ill. 32 our Supreme Court had before it the question of the sufficiency of the petition to organize the district, and was practically the only question involved in the suit. In passing upon this they use this language: "Recourse to the petition filed with the defendant on April 18, 1936, discloses that it contains no statement, either express or implied, that fifty or more of the signers resided within the territory described. The defendant asserts that the return to the writ of certiorari sets forth his finding that the petition was duly signed by fifty-eight legal voters residing in the territory and that the territory described therein is contiguous and compact. This finding was necessarily his own conclusion, as it is not based upon or supported by any facts appearing in the record. The signatures themselves afford no information as to whether the signers actually resided or lived in the territory. The affidavits of Hawthorne and Page, who circulated the petition, merely recite that they signed the petition in their presence. Where the question is whether jurisdictional facts were established, mere conclusions of law are insufficient and the record must show the existence of the facts required to authorize the inferior tribunal or officer to act, and this evidence may properly be reviewed by the court. (*Crocher v. Abel* [348 Ill. 269], *supra; Carroll v. Houston* [341 Ill. 531], *supra; Trustees of Schools v. Hoyt,* 311 Ill. 532.) The jurisdictional finding of the defendant superintendent of schools is without any basis whatever in the petition, the signatures appended thereto, or in the affidavits of the persons who circulated the petition.

"The defendant contends, however, that the affidavits were unnecessary and therefore immaterial.

329

It is true that if the petition for an election to organize a community high school district itself meets the requirements of the statute no affidavit is required to verify the signatures to the petition, as they may be accepted as genuine in the absence of a contradictory showing. (*Chesney v. Moews,* 317 Ill. 111.) The petition here was defective and the rule invoked is inapplicable.

"To obtain a reversal the defendant argues further that the words 'legal voters,' in the petition, necessarily mean 'legal voters residing in' the territory described, as only a resident of the territory could be a legal voter therein. This argument ignores the plain meaning of the words employed in the statute and the well recognized distinction between actual residence and legal residence. Obviously, a person may be a legal resident of one place and an actual resident of another. Similarly, a 'legal voter' of a place may actually reside or live in some other place. It does not follow that because he is a legal resident, for voting purposes, of the place where he is entitled to vote he actually resides there. The statute accords recognition to the fact that persons actually residing or living in a particular territory are best qualified to determine the needs of its inhabitants in connection with schools and the educational facilities required. The natural construction of the language and the manifest legislative intent expressed in section 89a are, that a petition for the organization of a community high school district, designating the territory, should be signed not only by at least fifty legal voters thereof, but that such persons should actually reside or live in the territory sought to be organized."

It is insisted by the appellees that it is not necessary to show the number of voters residing in the district, and cite the case of *People v. Birdsong,* 398 Ill. 455. A reading of that case discloses that it is an entirely different situation from the one here involved. The

statute there provided that the petition should be signed by twenty per cent or more of the voters, or two hundred, whichever is the fewer of the voters. This petition was signed by two hundred and thirty-four, and the court there held that the superintendent of schools could very easily count the names of the signers and ascertain whether the petition had two hundred or more signatures.

Appellees also contend that subsection 4 of section 8–6 of the Illinois statute [Ill. Rev. Stat. 1949, ch. 122, par. 8–6; Jones Ill. Stats. Ann. 123.855] relative to the Community High School District that provide: "If one-half of the voters of a former common school district file with the county superintendent of schools a petition asking that a vote be taken in such district on the question of detaching from a community consolidated school district, etc., that the superintendent shall order the election. . . ." It is their contention that this section of the school law is controlling and need not be considered with the other sections of the school law. The appellants contend that you have to read this section in conjunction with the others and cite the case of *Frye v. Hunt*, 365 Ill. 32, *supra*, as authority for their position in this matter.

The pleadings show that at the time the petition for mandamus was filed, there were three petitions filed with the superintendent of schools, each asking that property be detached from the high school district, and the record does not show what action was taken on any of these petitions. It is contended by the appellant that the court was without authority to act upon these petitions, until the record shows, or proof of some kind was introduced to show what action, if any, was taken by the superintendent of schools on these various petitions. While the decree itself recites that evidence was heard in support of the petitioners' case for writ of mandamus, there is a stipulation filed by the at-

torneys to this litigation, that no evidence was offered or heard on the trial of the case in the circuit court of Henry county, Illinois, so there was no issue of fact presented and the record further shows that no rule was entered against the county superintendent of schools to answer the petition, and there is nothing before the court to pass upon except the petition itself.

██ It is our conclusion that the court erred in not allowing the Community Unit School District to intervene, and be made a party-defendant to this litigation, as it had an interest in the suit, and had a right to be heard on all the points that are urged in this appeal. Charles and Virginia Draminski and Harlan R. Hamilton and Loris M. Hamilton, his wife, did not ask to intervene in the suit in Henry county, but we think they had a right to appeal, as interested parties, from the decision of the trial court in ordering the writ of mandamus to issue.

The judgment of the trial court will be reversed with directions to grant leave to the Community Unit School District to intervene as a party-defendant in the suit.

*Reversed and remanded with directions.*