65 Ill.2d 382 (1976)
359 N.E.2d 109
In re ESTATE OF JOSIE A. TOMLINSON.  (Katherine D. Shelton, Appellee,
v.
First National Bank of Peoria, Appellant.)
Nos. 47956, 47962 cons.
Supreme Court of Illinois.
Opinion filed November 15, 1976.
Rehearing denied January 28, 1977.
*383 *384 *385 William J. Scott, Attorney General, of Chicago (Fred F. Herzog, First Assistant Attorney General, and Imelda R. Terrazino, Assistant Attorney General, of counsel) for the People.
D'Ancona, Pflaum, Wyatt & Riskind, of Chicago (Robert W. Gettleman and David R. Hodgman, of counsel), for appellant American Cancer Society.
McConnell, Kennedy, Quinn & Morris, of Peoria (Richard N. Gentry, Jr., of counsel), for appellee.
App. ct. rev'd; cir. ct. aff'd.
MR. JUSTICE RYAN delivered the opinion of the court:
This case involves the construction of the will of Josie A. Tomlinson which was executed in 1951. She died on February 28, 1973. The will was admitted to probate in the circuit court of Peoria County. Katherine D. Shelton, who is also referred to in these proceedings as Catherine D. Shelton, is the adopted daughter of the decedent. She filed the complaint to construe the will. The primary issue is whether a bequest to a nonexisting charitable beneficiary must fail.
The will provided for certain nominal bequests to the plaintiff and other individuals and for bequests to each of three churches. All of the remainder of her estate was given to the First National Bank of Peoria as trustee with directions to convert it to cash and to erect a suitable monument on decedent's grave and to provide for perpetual care of the burial lot. The will then provided:
"I order and direct that my said Trustee shall then distribute all of the remainder of my said estate to the CANCER RESEARCH FUND absolutely and forever."
Following this provision the testator provided that it was her intent to "generally and specifically disinherit each, any and all persons whomsoever claiming to be or may be *386 determined to be my heirs at law."
The complaint alleges that notice of the petition to admit the will to probate and of the other probate proceedings had been given to her, certain other individuals, the three churches named in the will, the trustee and the American Cancer Society. It alleges that no notice was given to "Cancer Research Fund" because there is not now in existence nor was there in existence at the time of the execution of the will or at the date of decedent's death any organization known as "Cancer Research Fund."
At the hearing on the complaint an affidavit of an executive vice president of the Illinois Division, Inc., of the American Cancer Society was introduced as evidence. Attached to the affidavit was a list of estates from which the American Cancer Society had received funds although the designations of the beneficiaries in those estates were not the same as the legal name of the society. Three of the 17 estates listed were probated in Illinois. In three of the estates the beneficiary was referred to as "CANCER RESEARCH FUND," "The Cancer Research Fund," and "Cancer Research Fund." No other evidence was introduced in support of the American Cancer Society's claim. The plaintiff, Katherine D. Shelton, introduced into evidence a copy of certain pages from a 1973 publication of an encyclopedia of national organizations of the United States. The pages copied related to health and medical organizations active in the field of cancer research and education. It was stipulated that at the present time, at the time the decedent died and at the time the will was executed there was no organization known as the "Cancer Research Fund." The circuit court of Peoria County construed the questioned clause in the will as intending to bequeath the remainder of the estate to the American Cancer Society, Inc. The plaintiff appealed.
The appellate court found that there was no evidence in the record which establishes that the decedent intended to give the remainder of her estate to the American Cancer *387 Society, Inc., and held that the bequest failed and the property passed as intestate property. (30 Ill. App.3d 502.) We reverse this holding.
The Attorney General filed a petition for leave to appeal to this court as did the American Cancer Society, Inc. Both petitions were allowed. The plaintiff contends that the Attorney General has no authority to intervene in this case. In the trial court no notice of the hearing on the complaint was given to the Attorney General, and he was not a party to the appeal in the appellate court. He has entered the case by filing a petition for leave to appeal in this court.
We find that the Attorney General properly intervened in this case by filing a petition for leave to appeal. Rule 301 of this court (58 Ill.2d R. 301) provides that "[a]ll rights that could have been asserted by appeal or writ of error may be asserted by appeal." Prior to the enactment of the Civil Practice Act, one who was not a party to an action had no statutory right of appeal. He could, however, prosecute a writ of error by showing that he would be injured by the judgment or decree or that he would benefit by its reversal. (Gibbons v. Cannaven, 393 Ill. 376.) This court has held that the interests that will justify an appeal by one not a party must be direct, immediate and substantial. It must be an interest which would be prejudiced by the judgment or benefit from its reversal. City of Alton v. County Court, 16 Ill.2d 23.
The interest of the Attorney General in this litigation is sufficient to meet this test. He has the authority to protect a charitable trust and its property either defensively, where an attack is made on its validity, or by an action as plaintiff, by securing the construction of the trust instrument. In a suit by others where the validity or the enforcement of a charitable trust may come into question the Attorney General should be made a party defendant. Bogert, Trusts and Trustees sec. 411 (2d ed. 1964); see also Stoner Mfg. Co. v. Y.M.C.A., 13 Ill.2d 162; Kerner v. *388 Thompson, 365 Ill. 149, 153; Stowell v. Prentiss, 323 Ill. 309, 321; Attorney General v. Newberry Library, 150 Ill. 229, 236. See also Leo v. Armington (1948), 74 R.I. 124, 59 A.2d 371; New York East Annual Conference of the Methodist Church v. Seymour (1964), 151 Conn. 517, 199 A.2d 701.
A trust for the promotion of health is a charitable trust. (Restatement (Second) of Trusts sec. 372 (1959).) If an outright gift of property to a charitable corporation without restrictions on its use or disposition is involved, the corporation is under a duty to apply the property to one or more of the charitable purposes for which it was organized. This duty is ordinarily enforceable by the Attorney General. (Restatement (Second) of Trusts sec. 348, Comment (f) (1959); Bogert, Trusts and Trustees sec. 411, at 325 (2d ed. 1964).) The Charitable Trust Act (Ill. Rev. Stat. 1973, ch. 14, par. 51 et seq.) vests in the Attorney General authority to enforce and supervise charitable trusts. For these reasons we hold that the Attorney General is a proper party to this appeal.
Generally if a bequest is given to a specific entity and the legatee declines to accept the bequest or cannot take or is not capable of taking and holding it the bequest fails. See First National Bank v. Elliott, 406 Ill. 44, which distinguishes Volunteers of America v. Peirce, 267 Ill. 406; Chicago Daily News Fresh Air Fund v. Kerner, 305 Ill. App. 237, and Quimby v. Quimby, 175 Ill. App. 367.
If, however, there is a mistake in the name or description of the legatee, whether an individual or a corporation, or if a latent ambiguity exists as to the identity of the legatee, extrinsic evidence is admissible for the purpose of determining the identity of the intended recipient. Woman's Union Missionary Society of America v. Mead, 131 Ill. 338; Hitchcock v. Board of Home Missions, 259 Ill. 288; Daniels v. Brooks, 377 Ill. 44; 4 Page, Wills sec. 34.39 (Bowe-Parker rev. ed. 1961); Thompson, Construction and Interpretation of Wills sec. 141 (1928).
*389 The appellate court found that there was insufficient evidence presented to the trial court to show that the testator intended that the bequest should be given to the American Cancer Society. We agree that the evidence is deficient in this regard. Under the facts of this case, however, this should not invalidate the bequest or cause it to fail.
There can be no doubt that the testator intended to make a bequest to benefit an organization involved in cancer research. The parties stipulated, however, that no organization named "Cancer Research Fund" ever existed. This does not mean that the gift must fail.
It is generally held that if a bequest to a particular charitable entity cannot be carried out and does not manifest a general charitable intent, the doctrine of cy pres is not applied. (Bogert, Trusts and Trustees sec. 436 (2d ed. 1964).) In our case, however, although the bequest to the Cancer Research Fund cannot be carried out, we find in the will evidence that the testator did not intend that the bequest should completely fail under such circumstances. The will contains no provision for the disposition of the remainder of the estate in the event of the failure of the charitable bequest. If the bequest should fail, the property would pass to the heirs as intestate property. Such a disposition would be contrary to the clearly expressed intent of the testator to disinherit her heirs at law. The absence of a gift over or a reversion in case of the failure of a charitable purpose constitutes evidence of a general charitable intent. See Fisch, The Cy Pres Doctrine in the United States 152 (1950); Bogert, Trusts and Trustees sec. 437 (2d ed. 1964); Comment, A Revaluation of Cy Pres, 49 Yale L.J. 303 (1939).
Under the circumstances of this case it is appropriate to apply the cy pres doctrine to carry out the charitable purpose expressed in the will. Bogert in his treatise states that by the application of cy pres "[i]f the failed gift was to or for a charitable institution which never existed, or has ceased to exist, or is too vaguely described to be *390 identified, * * * the court will usually either deliver the corpus to another like institution in the same region, to hold outright or in trust, whether a successor, affiliate, parent, or unrelated institution." Bogert, Trusts and Trustees sec. 442 (2d ed. 1964).
It is not necessary that we remand this case to the circuit court of Peoria County for the purpose of ascertaining the manner in which the cy pres doctrine should be applied. The record before this court contains sufficient facts for such a determination to be made here.
As indicated above there can be no doubt that the testator intended to make a bequest to benefit an organization engaged in cancer research. The affidavit filed on behalf of the American Cancer Society's claim to the bequest states that the American Cancer Society, which maintains an office in Peoria, Illinois, is a widely known national organization engaged in raising and distributing funds for cancer research programs. The general charitable purpose expressed in the will of benefiting cancer research will properly be carried out by directing, as the trial court did, that the bequest be given to the American Cancer Society, Inc.
For these reasons the judgment of the appellate court is reversed and the judgment of the circuit court of Peoria County is affirmed.
Appellate court reversed; circuit court affirmed.