DANIEL T. FOEGE, Plaintiff-Appellee, *v.* JIM EDGAR, Secretary of State, Defendant-Appellant.

First District (3rd Division)   No. 82—386

Opinion filed October 27, 1982.

Donald L. Metzger, of Chicago (Metzger & Associates, Ltd., of counsel), for appellant.

Richard T. Sikes, of Chicago, for appellee.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Daniel T. Foege, filed a complaint for administrative review of the decision of defendant, Jim Edgar, Secretary of State, denying his petition for a restricted driving permit. The circuit court reversed the decision in part and ordered the Secretary of State to issue plaintiff a restricted driving permit applicable only while driving his employer's truck during regular work hours on his regular route. We reverse the order of the circuit court and affirm the decision of the Secretary of State.

The first issue in this case involves the authority of the Secretary of State to deny a petition for a restricted driving permit where it is shown that undue hardship will result. To our knowledge, this issue has never been addressed by an Illinois reviewing court. Plaintiff contends that where, as here, undue hardship is established, the Secretary of State has no discretion and must allow the petitioner's request for a restricted driving permit. The applicable statute provides:

"Whenever a person is convicted of any of the offenses enumerated in this Section, the court may recommend and the Secretary of State in his discretion, without regard to whether

such recommendation is made by the court, may, if application is made therefor, issue to such person a restricted driving permit granting the privilege of driving a motor vehicle between his residence and his place of employment or within other proper limits, except that this discretion shall be limited to cases where undue hardship would result from a failure to issue such restricted driving permit. *** A restricted driving permit issued hereunder shall be subject to cancellation, revocation and suspension by the Secretary of State in like manner and for like cause as a drivers license issued hereunder may be cancelled, revoked or suspended; except that a conviction upon one or more offenses against laws or ordinances regulating the movement of traffic shall be deemed sufficient cause for the revocation, suspension or cancellation of a restricted driving permit. The Secretary of State may, as a condition to the issuance of a restricted driving permit, require the applicant to participate in a designated driver remedial or rehabilitative program." Ill. Rev. Stat. 1981, ch. 95½, par. 6—205(c).

Although the statute gives the Secretary of State discretion to issue a restricted driving permit only in cases where undue hardship would result from a failure to issue a restricted driving permit, we believe that this limitation does not mandate that the Secretary of State issue a restricted driving permit merely because undue hardship would result. Plainly, the language of the statute is permissive only and not mandatory.

■■ Since the legislature has expressly given the Secretary of State discretion under the statute, the Secretary of State must exercise the discretion based upon the public interest. This means that the Secretary of State should not issue a restricted driving permit unless he has determined that granting the applicant a restricted driving permit will not endanger the public safety or welfare. Conversely, if the Secretary of State determines that granting the applicant a restricted driving permit will not endanger the public safety or welfare, then the Secretary of State should carry out the purpose of the statute by granting the applicant a restricted driving permit.[1]

---

[1]Since the legislature has seen fit to provide for the issuance of a restricted driving permit after a person's drivers license has been revoked when undue hardship would result, the Secretary of State should not deny an application for a restricted driving permit solely on the basis of the fact of the conviction which resulted in the license revocation. Rather, in order to carry out the intent of the legislature, when undue hardship would otherwise result, the Secretary of State should exercise his discretion liberally in favor of the issuance of restricted driving permits so long as the public safety and welfare is not put in jeopardy.

Here, the Secretary of State determined that plaintiff's petition for a restricted driving permit should be denied because the public safety and welfare would be endangered if plaintiff were given a restricted driving permit to drive on the public roadways. Under our analysis of the applicable statute, the Secretary of State had the authority to deny the petition on that basis.

We next address the ruling of the trial court that the Secretary of State abused his discretion in denying plaintiff a restricted driving permit to drive his employer's truck during regular work hours on his regular route. In this regard, we agree that plaintiff, age 35, and his family would suffer severe and undue hardship if he is not granted a restricted driving permit, but the critical issue here is whether the public safety and welfare will be endangered if plaintiff is permitted to drive on the public roadways. Plainly, public interest transcends and supersedes any undue hardship to an applicant seeking a restricted driving permit.

Plaintiff's driving record is as follows:

### ARREST INCIDENT 1

| | |
|---|---|
| 11/23/73 | Arrested and charged with a moving violation. |
| 12/20/73 | Convicted of charge. |

### ARREST INCIDENT 2

| | |
|---|---|
| 3/22/74 | Arrested and charged with driving under the influence of intoxicating liquor. |
| 6/9/74 | License suspended for refusing to take and complete a test or chemical analysis of breath to determine alcoholic content of his blood. |
| 6/17/74 | Convicted of charge. |
| 6/25/74 | Issued restricted driving permit. |
| 8/23/74 | License revoked. |
| 2/14/75 | Issued restricted driving permit. |

### ARREST INCIDENT 3

| | |
|---|---|
| 9/3/74 | Arrested and charged with operating motor vehicle during period of revocation. |
| 2/26/75 | Convicted of charge—cancellation of |

restricted driving permit and reinstatement of revocation.

### ARREST INCIDENT 4

| | |
|---|---|
| 6/18/75 | Arrested and charged with a moving violation. |
| 10/16/75 | Convicted of charge. |

### ARREST INCIDENT 5

| | |
|---|---|
| 4/3/76 | Arrested and charged with driving under the influence of intoxicating liquor. |
| 8/25/76 | Convicted of charge. |
| 12/10/76 | License revoked. |

### ARREST INCIDENT 6

| | |
|---|---|
| 10/26/76 | Arrested and charged with operating motor vehicle during period of revocation. |
| 3/1/77 | Convicted of charge. |
| 5/25/77 | Period of revocation extended. |

### ARREST INCIDENT 7

| | |
|---|---|
| 12/17/76 | Arrested and charged with operating motor vehicle during period of revocation. |
| 5/6/77 | Convicted of charge. |
| 7/11/77 | Period of revocation extended. |
| 12/16/77 | License suspended. |

### ARREST INCIDENT 8

| | |
|---|---|
| 7/19/77 | Arrested and charged with driving under the influence of intoxicating liquor and operating motor vehicle during period of revocation. |
| 2/14/78 | Convicted of charges. |
| 3/16/78 | License revoked. |
| 4/18/78 | Period of revocation extended. |
| 7/26/78 | Issued restricted driving permit. |

### ARREST INCIDENT 9

| | |
|---|---|
| 9/28/77 | Arrested and charged with a moving violation. |

| | |
|---|---|
| 11/29/77 | Convicted of charge. |
| 1/24/78 | Period of revocation extended. |

ARREST INCIDENT 10

| | |
|---|---|
| 10/25/78 | Arrested and charged with driving under influence of intoxicating liquor. |
| 7/17/79 | Convicted of charge. |
| 8/21/79 | License revoked. |

ARREST INCIDENT 11

| | |
|---|---|
| 9/27/79 | Arrested and charged with driving motor vehicle during a revocation other than that allowed by restricted driving permit. |
| 3/11/80 | Convicted of charge. |

In the present case, the hearing on plaintiff's petition for a restricted driving permit took place on September 10, 1981. Thus, from November 1973 to September 1981, plaintiff had 11 arrests and convictions related to driving. Four of those convictions were for driving under the influence of alcohol. Plaintiff's license was revoked or his revocation was reinstated or extended nine times. He was issued three restricted driving permits which were cancelled because of driving violations. Moreover, although plaintiff's drivers license had been revoked at the time of the hearing on September 10, 1981, plaintiff testified as follows:

"Q. Now, are you—have you contacted your business since your license has been taken away from you?

A. I haven't changed anything. I haven't informed anybody.

Q. You're still driving?

A. Right.

Q. Each day?

A. Yes.

Q. Taking your chances?

A. My fingers crossed."

Basically, plaintiff states two factual reasons in support of his argument that the Secretary of State abused his discretion in not granting him a restricted driving permit to drive a truck for his employer, Pepsi Cola, during regular work hours on his regular route. First, plaintiff argues that the Secretary of State abused his discretion because plaintiff has driven for Pepsi Cola for 15 years without having a traffic citation while driving a Pepsi Cola truck. However,

myopia must be avoided in a case such as this, where the safety and welfare of the public is involved. The record demonstrates that plaintiff was driving a Pepsi Cola truck without a valid drivers license for substantial periods with his "fingers crossed," hoping not to get caught violating the law. In addition, plaintiff has four convictions for driving under the influence of alcohol, and his total driving record manifests his recalcitrance. It would therefore be shortsighted to focus solely on plaintiff's record while driving his Pepsi Cola truck, even if he is seeking a restricted driving permit only for that purpose. Moreover, if plaintiff's argument is carried to its logical conclusion, a person whose driving record indicates that he poses a serious threat to the public safety and welfare would be permitted, nevertheless, to drive any motor vehicle in which he had not been arrested previously for any period of time in which he had not been arrested previously. Concern for the public safety and welfare demands that such paralogistic reasoning not be accepted by the Secretary of State or the judiciary. Plainly, a person's entire record must be considered when examining and evaluating an application for a restricted driving permit.

Next, plaintiff states that he is attempting to control his admitted alcoholic problems by attending a clinic and that he has not had anything alcoholic to drink, except for two glasses of wine, since approximately March of 1980. However, in view of plaintiff's driving record and his manifested inability to obey the laws of Illinois relating to driving, we do not believe that the hardship to plaintiff outweighs the risk to the safety and welfare of the public if plaintiff were to be given a restricted permit at this time.[2]

█ Generally, a decision of an administrative body should not be reversed unless it is against the manifest weight of the evidence. However, the circuit court here ruled that the Secretary of State abused his discretion, and we have therefore examined the record on that basis. For the reasons stated herein, we conclude that the Secretary of State did not act arbitrarily or capriciously, and therefore his decision to deny plaintiff's petition for a restricted driving permit was not an abuse of discretion. Moreover, we have reviewed the record in order to determine whether the decision of the Secretary of State was against the manifest weight of the evidence. We conclude, for the reasons stated herein, that there is substantial evidence to support the

---

[2]Nothing stated in this opinion is intended to mean that plaintiff should be barred forever from receiving an Illinois drivers license or a restricted driving permit. Any subsequent decision of the Secretary of State relating to any application submitted by plaintiff for a license or permit to drive will have to be reviewed on the merits of each case as presented at that time.

Secretary of State's decision and that it is not against the manifest weight of the evidence.

Accordingly, the order of the circuit court is reversed, and the decision of the Secretary of State is affirmed.

Reversed.

WHITE, P.J., and McGILLICUDDY, J., concur.