THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES BLUETT, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District   No. 2—87—0170

Opinion filed February 19, 1988.

594

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart and Shawn W. Denney, Solicitors General, and Casandra E. Melton and Eddie Santiago, Assistant Attorneys General, of Chicago, of counsel), for appellant.

Charles R. Hartman, State's Attorney, of Freeport (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Jim Edgar, Secretary of State (Secretary), appeals from a judgment of the circuit court directing the Secretary to issue a judicial driving permit (JDP) to defendant, James Bluett, and contends that the trial court abused its discretion in granting the JDP as defendant had a prior conviction for DUI within a five-year period of his arrest for the present offense.

No appellee's brief has been filed in response, and we consider the appeal pursuant to the standards of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record discloses that defendant was arrested on September 28, 1986, for the offense of driving while under the influence of alcohol (DUI) (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501(a)). He refused to submit to a breathalyzer test after being advised of that requirement by the arresting officer and was given notice of the summary suspension of his driving privileges pursuant to section 11—501.1 of the Illinois Vehicle Code. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—

501.1.) On October 15, 1986, the circuit clerk of Stephenson County sent to defendant a confirmation of statutory summary suspension which notified him that his driver's license would be suspended for a 12-month period commencing November 14, 1986, for failure to submit to a drug-alcohol test.

On January 5, 1987, defendant filed a petition in the circuit court for the issuance of a JDP (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1). The petition alleged, *inter alia*, that defendant was a first offender as defined in section 11—500 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—500) and requested that the court grant a judicial driving permit to relieve undue hardship. A hearing of the petition was held the same day, at the commencement of which the following colloquy took place:

"THE COURT: All right, let's proceed as to the petition for judicial driving permit.

MR. LEAHY [defense counsel]: Like to call Mr. Bluett.

MR. LENTZ [assistant State's Attorney]: Your Honor, for purposes of the J.D.P. hearing only the State would move to amend the date of the charge to 12-28-86 as to the driving while under the influence.

THE COURT: All right, on the complaint ticket on its face?

MR. LENTZ: Yes.

THE COURT: Any objection?

MR. LEAHY: No objection.

THE COURT: So instead of September 28, it should read 12, is that right?

MR. LEAHY: Yes, your Honor.

MR. LENTZ: It is just for the purposes of the statute, your Honor.

THE COURT: All right."

Defendant testified relating to the allegations of his petition that he needed the JDP for purposes of his employment in another city. He stated, *inter alia*, that he had not been convicted of DUI within the past five years but had been convicted of DUI in Stephenson County in 1981, "around December 20, 15th, somewhere in that area." At the conclusion of the hearing, the trial court made findings that defendant had not been convicted of or assigned supervision for any DUI offense within the last five years and on January 20, 1987, entered an order that the Secretary of State issue a JDP to defendant pursuant to section 6—206.1 of the Vehicle Code, to be effective February 13, 1987. The permit was limited to allow defendant to drive to and from his place of employment on specified days and hours and for alcohol

treatment and medical care, as is required by the statute.

On February 2, 1987, a supervisor of the JDP review unit of the Secretary of State's office sent a letter to the circuit clerk stating, "We are unable to issue the judicial driving permit to James A. Bluett, as the driving record indicates Mr. Bluett is a second offender. If this person has an undue hardship, you may refer him to a hearing officer at the nearest Secretary of State Drivers License Facility for consideration of driving relief." On February 20, 1987, the Secretary filed a notice of appeal from the order of January 20, 1987, "entered by the Honorable Barry Anderson issuing a Judicial Driving Permit to the defendant-appellee in contravention of the applicable statutes."

The record also discloses that after a bench trial on March 4, 1987, defendant was found guilty of DUI and placed under one-year conditional discharge and fined $600. No appeal has been taken by defendant from the conviction or from the order for a JDP.

The Secretary contends in his brief that the trial court abused its discretion in granting the JDP as defendant had a prior conviction for DUI within five years of his *arrest* for the present offense and a JDP may only be granted to first offenders, as defined in section 11—500 of the Vehicle Code. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—500.) The Secretary notes that defendant had been convicted of DUI on December 21, 1981, and was arrested in this case for DUI on September 28, 1986, less than five years later. The Secretary argues that the assistant State's Attorney was not authorized to amend the date of the current DUI arrest from September 28 to December 28, 1986, with the consent of defendant's counsel, in order to circumvent the five-year requirement of sections 6—206.1 and 11—500 of the Vehicle Code to make defendant eligible for the JDP, and that the trial court abused its discretion in permitting the amendment and must be reversed.

Both subsection (A) of section 6—206.1, the version of the statute which was in force at the time of defendant's arrest for this offense, and subsection (B), which was in effect at the time defendant petitioned for a JDP, provide that "the first offender as defined in Section 11—500 may petition the circuit court of venue for a Judicial Driving Permit *** to relieve undue hardship." (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1(A)(a).) (Subsection (A) effective until January 1, 1987; subsection (B) effective on January 1, 1987, and thereafter.) Issuance of a JDP is limited to use for driving to a place of employment and for alcohol, drug or medical treatment. (Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 6—206.1(A)(a)(1), (A)(a)(2).) The permit may not be issued unless the court is satisfied that granting limited driving privileges will not endanger the public; that petitioner has not been

convicted of reckless homicide within the previous five years; and had a valid driver's license at the time of his arrest for DUI. (Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 6—206.1(A)(a)(3)(i) through 6—206.1(A)(a)(3)(iii).) The statute also provides for additional matters the court should consider before issuing a JDP and for limitations of the times and places petitioner may exercise his limited driving privileges under a JDP. The statute provides that the court may consider cancellation of the permit if petitioner is subsequently issued a citation for a traffic offense or is convicted of such an offense. Ill. Rev. Stat., 1986 Supp., ch. 95½, pars. 6—206.1(A)(b), (A)(c); see *People v. Inghram* (1987), 118 Ill. 2d 140, 514 N.E.2d 977.

As correctly noted by the Secretary, a JDP may only be issued to a first offender, who is defined in section 11—500, as follows:

> "For the purposes of interpreting Sections 6—206.1 *** of this Code, 'first offender' shall mean any person who has not had a previous conviction or court assigned supervision for violating Section 11—501 [DUI] *** *within the last 5 years ***.*"

(Emphasis added.) Ill. Rev. Stat. 1985, ch. 95½, par. 11—500.

Although there is no question in this case that petitioner-defendant had been convicted of DUI on December 21, 1981, a time within five years of his *arrest* on September 28, 1986, for the present offense, it is equally clear that more than five years had elapsed, as was determined by the trial court, by January 5, 1987, when the petition for a JDP was presented to and heard by the circuit court, and at the time the order was entered on January 20. The Secretary offers neither authority nor argument in support of his assumption that the five-year period must be determined as of the date of petitioner's arrest, rather than the date of the filing or hearing of his petition for the JDP after the period of ineligibility had expired. As may be seen by the provisions for cancellation of a JDP which had been ordered issued by a court under section 6—206.1(A)(c), the legislature considered that a subsequent offense could properly be evidenced, in that circumstance, simply by the issuance of a traffic ticket. (Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1(A)(c).) In defining a "first offender" for the purpose of determining initial eligibility for a JDP, however, the legislature arguably intended that the five-year period should be determined as of the time a petition for JDP relief was filed or heard in the circuit court. In that event, as the petition was filed on January 5, 1987, in this case, the petitioner-defendant would have been properly considered by the trial court to be a first offender for purposes of the statute as he had not been previously convicted of violating section 11—501 "within the last five years."

We need not decide this question, however, as we have determined that the Secretary of State lacks standing to bring this appeal.

After the Secretary's brief was filed, this court directed him to show on what basis he was authorized and had standing to bring this appeal, as the Secretary was not a party to the trial court proceedings nor did he intervene therein. The Secretary responded that he may appeal under Supreme Court Rule 301, as his rights and responsibilities are affected by the circuit court's judgment. Rule 301 provides:

> "Every final judgment of a circuit court in a civil case is appealable as of right. The appeal is initiated by filing a notice of appeal. No other step is jurisdictional. An appeal is a continuation of the proceeding. All rights that could have been asserted by appeal or writ of error may be asserted by appeal. No formal exception need be taken in order to make any ruling or action of the court reviewable." 107 Ill. 2d R. 301.

The Secretary states that a nonparty has standing to appeal if he has some direct, immediate and substantial interest in the subject matter of the litigation which would be prejudiced by the judgment or benefited by its reversal. (*Layfer v. Tucker* (1979), 71 Ill. App. 3d 333, 336, 389 N.E.2d 252, *appeal denied* (1979), 79 Ill. 2d 612.) A nonparty is prejudiced or aggrieved in the legal sense when his legal right has been invaded or pecuniary interest is directly, not merely indirectly, affected. (*Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1980), 85 Ill. App. 3d 859, 865, 407 N.E.2d 627.) Also, Illinois has a paramount interest in protecting its public roads and highways (*Dixon v. Love* (1977), 431 U.S. 105, 114, 52 L. Ed. 2d 172, 181, 97 S. Ct. 1723, 1728), and Illinois has given the Secretary of State the power, duty and jurisdiction to enforce its Vehicle Code, including the implied consent law. *People v. Ortega* (1982), 106 Ill. App. 3d 1018, 436 N.E.2d 606.

The Secretary argues that section 6—206.1 of the Vehicle Code authorizes the court to grant a JDP only to first offenders, as defined therein, and as petitioner was not a first offender because he had a prior DUI, the circuit court's order to issue the permit threatens the power of the Secretary to enforce the Vehicle Code and protect the public roads and was properly challenged by this appeal by virtue of Supreme Court Rule 301.

■ We do not agree that the administrative and ministerial responsibilities relating to the Illinois Vehicle Code given to the Secretary by the legislature are sufficient to give him standing as a nonparty to appeal in this case. (See Ill. Rev. Stat. 1985, ch. 95½, pars.

2—101, 2—104). While two of the cases cited upon which the Secretary relies do address the limited circumstances in which a nonparty to a civil action may have standing to appeal a judgment entered therein, no case has extended a general right to do so to the Secretary of State to enforce the Vehicle Code.

■ In *Layfer v. Tucker* (1979), 71 Ill. App. 3d 333, 389 N.E.2d 252, *appeal denied* (1979), 79 Ill. 2d 612, this court determined that the Attorney General and the Treasurer of Illinois had a "direct, immediate and substantial interest in the subject matter which would be prejudiced by a judgment or benefitted by its reversal" (71 Ill. App. 3d at 336), and thus had standing to appeal an award of attorney fees which would have to be satisfied from State funds. The Secretary has no pecuniary interest or responsibility in the present case. *Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1980), 85 Ill. App. 3d 859, 865, 407 N.E.2d 627, cited by the Secretary, was reversed by our supreme court (*Metropolitan Sanitary District ex rel. O'Keeffe v. Ingram Corp.* (1981), 85 Ill. 2d 458, 426 N.E.2d 860), to permit derivative appellate standing to a taxpayer to challenge an award of attorney fees assessed against a governmental body, in a narrow ruling to protect the public interest. No similar pecuniary interest in public funds on the part of the Secretary is seen in the present case. The other cases relied upon by the Secretary do not discuss the issue of standing.

■ It is true that the Attorney General, as chief legal officer of the State, has a recognized standing in limited circumstances to appeal judgments or orders entered in proceedings below to which he was not a party. (See, *e.g., Pioneer Processing, Inc. v. EPA* (1984), 102 Ill. 2d 119, 138, 464 N.E.2d 238; *People ex rel. Scott v. Illinois Racing Board* (1973), 54 Ill. 2d 569, 301 N.E.2d 285; *In re Estate of Tomlinson* (1976), 65 Ill. 2d 382, 359 N.E.2d 109; *Layfer v. Tucker* (1979), 71 Ill. App. 3d 333, 389 N.E.2d 252, *appeal denied* (1979), 79 Ill. 2d 612.) However, the Secretary has not submitted, nor has our research disclosed, any authority giving his office, or any other State officer or director of a State department or agency, the general standing urged hereto by this means seek to enforce the laws which they aid in administering. Essentially, the Secretary suggests that he has standing to appeal any circuit court judgment affecting the Illinois Vehicle Code with which he may disagree. We do not find that the broad standing urged by the Secretary is supported by prevailing law and conclude that his interest as a nonparty is not direct, immediate and substantial as required by Supreme Court Rule 301. *In re Estate of Tomlinson* (1976), 65 Ill. 2d 382, 387, 359 N.E.2d 109; *City of Alton v.*

*County Court* (1959), 16 Ill. 2d 23, 30, 156 N.E.2d 531.

Standing to appeal in this case would also be rejected on narrower grounds. The judicial driving permit statute provides that upon receiving a court order to issue a JDP to a successful petitioner, the Secretary shall do so. It now further provides that "any submitted court order that contains insufficient data or fails to comply with this Code shall not be utilized for JDP purposes or entered to the driver record but shall be returned to the issuing court indicating why the JDP cannot be so entered." Ill. Rev. Stat., 1986 Supp., ch. 95½, par. 6—206.1(B)(d), effective January 1, 1987.

■ While we do not here address the validity of the quoted provision (see *People v. Farr* (1976), 63 Ill. 2d 209, 214, 347 N.E.2d 146), it is apparent that the Secretary complied with its requirements upon receiving the order from the circuit court to issue a JDP to petitioner. The Secretary reviewed the order and made his contrary determination that petitioner was not a first offender, thus not entitled to a JDP. The record does not indicate that any further action was taken by the circuit court to require the Secretary to comply with its order, *i.e.*, contempt proceedings (see *People v. Minor* (1987), 162 Ill. App. 3d 140, 514 N.E.2d 1042), and no prejudice to the Secretary resulted from the order from which he seeks to appeal. It is well settled that standing requires some injury in fact to a legally recognized interest (*Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 254, 483 N.E.2d 1263), and that did not occur here.

As the Secretary of State lacks standing to appeal from the order in issue, the appeal must be dismissed.

Appeal dismissed.

LINDBERG, P.J., and INGLIS, J., concur.