THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. THOMAS LEE SALES, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District   No. 2—88—0013

Opinion filed March 17, 1989.

DUNN, J., dissenting.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney and Robert J. Ruiz, Solicitors General, and Rosalyn B. Kaplan and Deborah L. Ahlstrand, Assistant Attorneys General, of Chicago, of counsel), for appellant.

David W. Mandrgoc, of Mandrgoc & Linkowski, of Dixon, for appellee Thomas Lee Sales.

Daniel A. Fish, State's Attorney, of Dixon (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Jim Edgar, as Secretary of State (Secretary), appeals from an order of the circuit court directing the Secretary to issue a restricted driving permit (RDP) to defendant, Thomas Lee Sales, for the purposes of attending counseling and work. The Secretary contends that the circuit court exceeded its authority by ordering him to issue the RDP to defendant and requests that the order be vacated by this court. Defendant has responded with the argument, made for the first time on appeal, that revocation of defendant's driver's license by the Secretary of State pursuant to section 6—205(b)(2) of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(b)(2)), which requires the Secretary to so do, is in violation of the due process and equal protection guarantees of the State and Federal Constitutions. See *People v. Lindner* (1989), 127 Ill. 2d 174.

We find that the Secretary lacks standing to bring this appeal and that it must be dismissed.

The circuit court proceedings from which the Secretary wishes to appeal arose after defendant, Thomas Lee Sales, entered a plea of guilty to two counts of aggravated criminal sexual abuse (Ill. Rev. Stat. 1987, ch. 38, par. 12—16(b)) and on November 6, 1987, was sentenced to concurrent terms of probation for four years, with specified conditions and restrictions which included 60 days of periodic imprisonment. Thereafter, on November 9, 1987, a report of defendant's conviction of a sex offense was mailed to the Secretary by the circuit court clerk, as is required by section 6—204(a)(1) of the Code. On December 3, 1987, an order *nunc pro tunc* was entered by the circuit court directing the Secretary to issue the restricted driving permit to defendant, and a certified copy of that order was mailed to the Secretary on December 10.

On January 4, 1988, the Secretary filed a notice of appeal to the appellate court from the order directing him to issue the restricted driving permit, and he also then filed in the circuit court a motion for a stay of the order. The Secretary noted in his motion that he was not a party to the proceedings prior to entry of the order, that he believed the order to be improper and that it had been appealed to the appellate court. The stay was denied by the trial court.

The Secretary did not seek to intervene in the circuit court proceeding for relief, nor did he seek to cause the disputed December 3, 1987, order to be vacated by the circuit court.

Section 6—205(b)(2) of the Illinois Vehicle Code (Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(b)(2)) requires the Secretary to revoke the driver's license of a person convicted of aggravated criminal sexual abuse, as in the present case, upon the Secretary's receipt of notice of that conviction. However, such a person may receive a restricted driving permit (RDP) pursuant to subsection (c) of the Code, which provides:

> "Whenever a person is convicted of any of the offenses enumerated in this Section, the court may recommend and the Secretary of State in his discretion, without regard to whether such recommendation is made by the court, may, if application is made therefor, issue to such person a restricted driving permit ***." Ill. Rev. Stat. 1987, ch. 95½, par. 6—205(c).

See also 92 Ill. Adm. Code 1001.420 (1985).

In this court, the Secretary contends that this statutory language places the ultimate decision to issue or not issue an RDP within the Secretary's discretion, subject only to judicial review by a circuit court after the Secretary has rendered his final administrative decision. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—212; see generally *Ball v. Edgar* (1988), 165 Ill. App. 3d 349, 519 N.E.2d 35; *Foege v. Edgar* (1982), 110 Ill. App. 3d 190, 441 N.E.2d 1267.) The Secretary requests that we vacate the circuit court's order. The defendant responds with the constitutional arguments noted earlier.

█ Although the parties have not raised the issue of the Secretary's standing to appeal as he seeks to do here, we must determine whether this court has jurisdiction to entertain the appeal as the Secretary was not a party to the circuit court proceeding, nor did he seek to intervene therein.

We find the recent case of *People v. Bluett* (1988), 166 Ill. App. 3d 593, 520 N.E.2d 395, to be dispositive. As in *Bluett*, the Secretary was again directed by this court to show on what basis he was authorized and had standing to bring this appeal. He responded that upon denial of the motion for a stay of the December 3, 1987, order, the Secretary complied with the order and issued the restricted driving permit to defendant. As to the merits of his standing to appeal, the Secretary responded, essentially as he did in *People v. Bluett*, that his right to appeal was founded upon Supreme Court Rule 301 (107 Ill. 2d R. 301) as a nonparty whose interest in the subject matter of the litigation was prejudiced by the judgment he seeks to have reviewed. (See *People v. Bluett*, 166 Ill. App. 3d at 598.) The Secretary argues that he has been vested with the exclusive authority to issue or deny a restricted driving permit (Ill. Rev. Stat. 1987, ch. 95½, par. 6—

201(c)) and sole discretion to issue such a permit. (*Foege v. Edgar* (1982), 110 Ill. App. 3d 190, 441 N.E.2d 1267.) The Secretary asserts he was injured by the trial court's order and would benefit from its reversal; also, that the circuit court has violated the separation of powers provision of the Constitution (Ill. Const. 1970, art. II, §1) and that the Secretary, as an executive officer, has a direct interest in correcting the improper judicial exercise of his discretionary powers. The Secretary also asserts that as he does not have the statutory authority to reject a court order to issue a restrictive driving permit, as he asserts that he does in the case of a judicial driving permit under section 6—206.1(B)(d) of the Code, he has no recourse except to appeal to the appellate court.

We do not consider that the Secretary's arguments distinguish the circumstances of this case from those in *People v. Bluett* and conclude he lacks standing to appeal.

■ In addition to the standing precepts discussed in *Bluett*, we would add that the Secretary's argument he has no recourse except to this court is not accurate. In our view the Secretary could, and should, have sought to intervene in the circuit court upon receipt of the order to issue the restricted driving permit to defendant. If intervention had then been allowed, as is quite likely, the Secretary's arguments could have been first litigated in the trial court and may have persuaded that court to vacate its order, making this appeal unnecessary. If such intervention had been denied, the Secretary would have a right to appeal the denial. (*Koester v. Yellow Cab Co.* (1974), 18 Ill. App. 3d 56, 309 N.E.2d 269; *Krause v. White* (1950), 341 Ill. App. 322, 93 N.E.2d 429; *Veteran's Travel Club of Western Illinois University v. Illinois Commerce Comm'n* (1973), 15 Ill. App. 3d 116, 303 N.E.2d 142.) In such case, this court would have the benefit of a record made below on the issues for our review, and, in the event of an improvident order by the circuit court, it would ordinarily be corrected most expeditiously there.

■ As held in *People v. Bluett*, as a nonparty the Secretary lacks standing to seek direct review in the appellate court of judgments of the circuit court which he deems to incorrectly apply the Illinois Vehicle Code. Nor may the Secretary find standing to appeal from an order solely because of the possibility he may be held in contempt of court for failure to obey its orders. *People v. Bluett*, 166 Ill. App. 3d at 600.

We are aware that there are similar cases pending before our supreme court in which the scope of the Secretary of State's standing to appeal in these matters will be considered. Perhaps this case will

assist in the resolution of the issue.

For the reasons stated, the appeal will be dismissed.

Appeal dismissed.

LINDBERG, J., concurs.

JUSTICE DUNN, dissenting:

I respectfully dissent. The Secretary does have standing to appeal the void order entered against him by the trial court.

A nonparty to an action has standing to appeal an order entered in the action if it has a direct, immediate, and substantial interest in the controversy. The nonparty's interest must be one which is either prejudiced by the judgment or which would be benefitted by a reversal of the judgment. (*People v. White* (1988), 165 Ill. App. 3d 249, 253, 518 N.E.2d 1262, 1265.) A nonparty is prejudiced or aggrieved in the legal sense so as to give him standing on appeal when his legal right has been invaded or pecuniary interest is directly, not indirectly, affected. *People v. Bluett* (1988), 166 Ill. App. 3d 593, 598, 520 N.E.2d 395, 398.

In the present case, the trial court ordered the Secretary to issue a restricted driving permit (RDP), a function wholly within the Secretary's discretion as delineated by section 6—205(c) of the Code. The legislature has expressly given the Secretary specific duties and responsibilities regarding the issuance of an RDP. However, he could be held in contempt for failing to comply with an order of the circuit court without any forum in which to contest an order directly affecting his statutory responsibilities. I therefore believe that, in this case, the Secretary has a sufficiently direct, immediate, and substantial interest in exercising the discretionary powers of his office specifically defined by the statute. (See *White*, 165 Ill. App. 3d at 253, 518 N.E.2d at 1262; see also *Landmarks Preservation Council v. City of Chicago* (1988), 125 Ill. 2d 164, 531 N.E.2d 9.) Here, the direct order of the circuit court resulted in prejudice to the Secretary. He therefore has standing to pursue this appeal. I am mindful of our decision in *Bluett* wherein we concluded that the Secretary has no broad, general standing to contest decisions affecting the Illinois Vehicle Code with which he may disagree. (166 Ill. App. 3d at 599, 520 N.E.2d at 399.) *Bluett* is readily distinguishable because, in that case, there was no prejudice to the Secretary resulting from the order from which he sought to appeal. In *Bluett*, the Secretary contested the circuit court's issuance of a judicial driving permit, arguing that it was not properly

issued according to sections 6—206.1 and 11—500 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, pars. 6—206.1, 11—500). The Secretary's interest in that case was merely indirect because, as we pointed out in *People v. Minor* (1987), 162 Ill. App. 3d 140, 147, 514 N.E.2d 1042, 1046, only the court and the clerk of the court actually participate in the issuance of a judicial driving permit (JDP), while the Secretary's duties in making entries with respect to a JDP on the petitioner's driving record are purely ministerial.

Here, by contrast, the circuit court has ordered the Secretary to perform not merely ministerial duties, but to exercise his powers of discretion in the manner determined by the court. As the Secretary has pointed out, the plain statutory language of section 6—205(c) of the Code expressly grants the Secretary discretion to issue an RDP upon submission of an application by the convicted driver. Since the statutory language is simple and unambiguous, it is improper for a court to depart from the plain language by reading into the statute exceptions, limitations, or conditions which conflict with the clearly expressed legislative intent. *Harvey Firemen's Association v. City of Harvey* (1979), 75 Ill. 2d 358, 363, 389 N.E.2d 151, 153.

The Illinois Constitution divides the powers of government among the legislative, executive, and judicial departments and provides that none of these shall exercise powers belonging to the others. It is clear that the judicial department may not take, as its own, discretionary powers vested in an executive officer. (*People v. Henry* (1974), 20 Ill. App. 3d 73, 74, 312 N.E.2d 719, 720.) The function of the court is to review the exercise of discretion by the Secretary, not to exercise that discretion. In substituting its discretion for that of the Secretary by ordering the issuance of an RDP, the trial court violated the separation of powers doctrine. *Ball v. Edgar* (1988), 165 Ill. App. 3d 349, 353, 519 N.E.2d 35, 36-37.

A void judgment is one entered by a court without jurisdiction of the parties or the subject matter or that lacks the inherent power to make or enter the particular order involved. Such a judgment may be attacked at any time, either directly or collaterally. (*People v. Wade* (1987), 116 Ill. 2d 1, 5, 506 N.E.2d 954, 955.) The statute in question contemplates that the court may merely recommend the issuance of an RDP. The trial court exceeded its powers by ordering the issuance of the RDP. Therefore, the order of December 3, 1987, requiring the Secretary to issue an RDP, is void. The Secretary does have standing to appeal to this court.