THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff, v. JOHN P. REYMAR, Defendant-Appellee (Jim Edgar, Secretary of State, Appellant).

Second District  No. 2—88—0514

Opinion filed June 16, 1989.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellant.

No brief filed for appellee.

JUSTICE NASH delivered the opinion of the court:

Jim Edgar, Secretary of State, appeals from an order of the circuit court which directed the Secretary to issue a judicial driving permit to defendant, John P. Reymar. Neither the defendant nor the State's Attorney of Du Page County, Illinois, has filed a responsive appellee's brief, and no party to the circuit court proceeding has sought to appeal from the order in question.

In his brief, the Secretary acknowledges that the purported appeal represents the same circumstances addressed by this court in *People v. Bluett* (1988), 166 Ill. App. 3d 593, 520 N.E.2d 395, *appeal denied* (1988), 121 Ill. 2d 573, in which it was held that as a nonparty to the proceeding below, the Secretary had no standing to appeal from a circuit court order that he issue a judicial driving permit (JDP). In this case, as in *Bluett*, the Secretary made no effort to intervene in the trial court proceeding to seek to cause the order to be

vacated and to there present his arguments why the order was unauthorized or incorrect. Instead, as in other cases, on receiving the court's order, a supervising employee of the Secretary's Judicial Driving Permit Review Unit wrote a letter to the circuit clerk stating that, contrary to the terms of the order, defendant was not eligible for the JDP. The circuit clerk was advised to request the judge to reassess the order, and, if the judge again officially ordered issuance of the JDP, the Secretary would then comply. Defendant's counsel thereupon petitioned the court on May 3, 1988, to cause issuance of the JDP ordered by it on March 28, 1988, and the court again ordered the Secretary to do so.

■ The notice of appeal filed by the Secretary on May 27, 1988, is stated to be from the order of the circuit court entered on May 3, 1988, which, for the second time, directed the Secretary to issue the JDP to defendant. Lost in this process is any effort by the Secretary to follow the requirement of Supreme Court Rule 303(a) (107 Ill. 2d R. 303(a)) that notice of appeal must be filed within 30 days of entry of a final order; that order in this case was entered on March 23, 1988. The Secretary's letter to the circuit clerk advising he would not issue the JDP until the court had reassessed its original order is unauthorized and could not be considered to have extended the time for filing a notice of appeal, even had the Secretary been authorized to appeal in this case.

In his brief, the Secretary states that "[he] has determined that the statute does not authorize the issuance of a JDP to Reymar because he is not a first offender as defined by Section 11—500," and requests that the order be vacated by this court. For the reasons stated in *People v. Bluett*, we find that the Secretary lacks standing to appeal as he was not a party to the trial court proceeding and did not seek to intervene therein. See also *People v. Sales* (1989), 180 Ill. App. 3d 743, 536 N.E.2d 182.

Accordingly, the appeal is dismissed.

Appeal dismissed.

McLAREN and REINHARD, JJ., concur.